# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2019

No. 18-40818
Summary Calendar

Lyle W. Cayce
Clerk

In re: In the Matter of the Complaint of Gene Brown, as Owner of the S/Y Morgan 36T for Exoneration from or Limitation of Liability

GENE BROWN,

  Petitioner - Appellant

v.

EDWARDS AND RICHTER, L.L.P., doing business as Virginia's on the Bay

  Claimant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-122

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:*

During Hurricane Harvey, Gene Brown's sailboat damaged a marina. He filed this lawsuit seeking to use the Limitation of Liability Act to cap his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40818

damages for the incident.  The district court held that he was late in invoking the Act.  We agree.

## I.

When Hurricane Harvey reached Port Aransas, Texas, in August 2017, it reportedly tore Gene Brown's sailboat from the municipal marina where it was stored and crashed it into Virginia's On the Bay's marina.  Brown may have taken some precautions, but they were not enough given the storm's wrath.  Soon after the incident, in September, a lawyer for the damaged marina sent a letter to Brown stating:

> As you know, while Hurricane Harvey was making landfall in Port Aransas, your sailboat crashed into my client's marina, damaging the pier and pilings located at Virginia's On the Bay.  A "pre-Harvey" aerial view along with photographs showing the location of your boat in the immediate aftermath of the storm and damages to the pier are enclosed.  Although your sailboat had no name or identification numbers on the hull, it is our understanding that you recently had the vessel removed and hauled over to the City dock.
>
> Please accept this letter as our request for you to provide us with a copy of your certificate of insurance within ten (10) days of the date of this letter.  We further demand that you immediately put your insurance carrier on notice of my client's claim for damages sustained to their property by your vessel.  Please have your carrier's adjuster contact me at the above address as soon as possible.
>
> We look forward to working with you and your insurance company so that repairs can be conducted expeditiously.

The letter included the promised photographs.  Here is one of them:

No. 18-40818



In November, Brown's insurance carrier told the marina's lawyer that it was denying "your client's claim . . . for damages to its marina" because an "Act of God" or "inevitable accident" defense precluded liability.

The following March 26, the marina's lawyer sent a second, more detailed demand letter. It listed a precise amount of damages sought ($85,000) and specifically described Brown's negligence.

Brown then filed this suit on May 2, seeking to limit his liability to the claimed value of his boat: $2,000. On the recommendation of the magistrate judge, the district court granted the marina's motion to dismiss because the suit was filed more than six months after Brown first received notice of a potential claim. It treated the September 2017 letter as the relevant notice.

No. 18-40818

## II.

Vessel owners may use the Limitation of Liability Act to cap their liability at the value of the vessel.  46 U.S.C. § 30505(a).  Limitations on liability predate the ubiquitous availability of maritime insurance.  They helped solve the concern of medieval legal systems that unlimited liability would keep shippers at shore lest they cause an accident whose damages they could never repay.  2 Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW, §15-1, 169–171 (5th ed. 2011).  Though now something of an anachronism, the statutory protection persists.

To receive the protections of the Act, the vessel owner must bring an action "within 6 months after a claimant gives the owner written notice of a claim."  46 U.S.C. § 30511(a).  We treat this time limit as a jurisdictional requirement subject to our de novo review.  *See In re the Complaint of RLB Contracting, Inc.*, 773 F.3d 596, 601–02 (5th Cir. 2014).

The timeliness of a Limitation Act complaint usually turns on which communication is considered the "written notice of a claim" that starts the six-month clock.  If the relevant notice is the initial September 2017 letter the marina's counsel sent Brown, then this case is untimely.  But if the statutory notice was not given until the second March 2018 letter, then this case may proceed.

A "communication qualifies as 'written notice' if it 'reveals a reasonable possibility that the claim will exceed the value of the vessel.'"  *Id.* (quoting *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 317 (5th Cir. 2012)).  We have stressed that the standard is one of *possibility*, not *probability*.  *Id.*  This "not particularly stringent" notice requirement makes sense given that the risk of uncertainty about whether damages will implicate the Limitation Act should be on the shipowner.  *See Eckstein Marine*, 672 F.3d at 317–18.  As the beneficiary of the Act's "generous" protections, the shipowner has the incentive

4

to investigate its exposure once it receives notice of a potential claim. *Id.* And if potential liability cannot be determined by the first possible filing deadline, the owner may protect itself by filing a protective Limitation Act complaint. *Id.* at 318.

Brown argues that the September letter did not put him on notice that a claim exceeding the value of his sailboat was possible. This is so, he says, because the letter did not identify the vessel's hull number, the date of the loss, or the address of the damaged marina; did not allege what Brown did wrong; and did not quantify damages. But none of that detail is required for the letter to be "notice of a claim" under the Limitation Act. *RLB Contracting*, 773 F.3d at 605 (rejecting a requirement of "magic words" or "exacting specificity" in the communication (quoting *Doxsee Sea Claim Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994))). The letter states that the marina is pursuing a "claim for damages sustained to [its] property by your vessel." That told Brown more than the statute requires for notice: he was facing liability based on his vessel's "crash[ing] into" the marina during Hurricane Harvey. This was notice not just that a claim was possible, but that one was being made. Indeed, the response from Brown's insurance company treated the September letter as a "claim [under the boat's policy] for damages to its marina." The September letter was more than sufficient to put Brown on notice of a possible claim. *Id.* at 604–05 (finding notice sufficient even when, unlike here, the owner was never expressly told that a claim would be filed).

The September letter also raised the reasonable possibility that the claim would exceed the value of the vessel.[1] That is largely because the value of the vessel—$2,000—is so low. One would reasonably expect that repairs to

---

[1] The value of a vessel for Limitation Act purposes is calculated when the voyage is terminated. *See In re Silver Slipper Casino Venture LLC*, 264 F. App'x 363, 365 (5th Cir. 2008). The voyage here was an involuntary one caused by Hurricane Harvey.

the "pier and pilings" at a marina would exceed that amount. The photos submitted with the letter do any remaining work that is needed. They show a large hole smashed into the pier, with debris scattered around and the boat leaning against it. This was significant damage, making it not just possible but highly likely that damages would exceed the value of the sailboat. The marina did not need to list dollar amounts, so long as the notice informed Brown it was possible damages would exceed the value of the vessel. *See RLB Contracting*, 773 F.3d at 605; *Eckstein Marine*, 672 F.3d 317–18. The September letter did that, so this limitation action was brought too late.

* * *

The district court is AFFIRMED.